UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-80141-Cr-RYSKAMP/HOPKINS

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

KATRINA BERKMAN,

       Defendant.
_____/

### REPORT AND RECOMMENDATION ON DEFENDANT BERKMAN'S MOTION TO DISMISS COUNT 8 OF THE SECOND SUPERSEDING INDICTMENT [DE 61]

This cause is before the Court on an Order of Referral [DE 67].  Defendant KATRINA BERKMAN has moved to dismiss Count 8 of the Second Superseding Indictment [DE 61].  The Government responded in opposition [DE 66].  The Defendant replied [DE 70].

### HISTORY OF THE CASE

On February 18, 2010, a federal grand jury returned a Superseding Indictment against the defendant charging five counts of bank fraud, one count of access device fraud, one count of fraudulent activity with an access device, and one count of aggravated identity theft [DE 51].

The Defendant's motion to dismiss Count 8 of the Second Superseding Indictment [DE 61] asserts that a single bank account number cannot constitute both an "access device" and a "means of identification," as alleged in Count 8 of the Second Superseding Indictment.  The Defendant cited no supporting authorities in his Memorandum of Law [DE 61].  The Government responded that Count 8 was sufficient on its face [DE 66].  At a status conference on March 22, 2010, this Court advised the Defendant that her Memorandum of Law was

deficient for failure to cite supporting authorities. On March 22, 2010, the Defendant filed a reply [DE 70].

## ANALYSIS

The Defendant never cited any cases for the proposition that the Government may not use a single bank account for two separate elements of the aggravated identity theft count. Nor did the Defendant cite to the legislative history of the statute in support of the assertion. Moreover, the Defendant did not specify a legal principle that prevents the government from using a single bank account number in support of two separate elements of a crime.

The Defendant did cite to two cases for the proposition that the Government has used an additional item to prove the "means of identification" element of the aggravated identity theft crime [DE 70, pgs. 4-5]. In one of those cases, *United States v. Holmes*, 595 F.3d 1255 C.A.11 (Fla.),2010, the Government proved that the defendant used another person's social security number to prove the "means of identification" element and apparently used the same social security number, and name, from the other person's social security card to prove the predicate false citizenship claim element of the aggravated identity theft crime. *Id.* Indeed, the social security number was the unique identifier that satisfied the "means of identification"element in the *Holmes* case. See *United States v. Holmes*, SDFL Case No. 09-20304-CR-JEM [DE 10]. See also *United States v. Mitchell*, 518 F.3d 230, 234-35 (4th Cir.2008)(name was not a unique identifier but driver's license number could be); *United States v. Montejo*, 442 F.3d 213, 214 (4th Cir. 2006) (social security numbers and alien registration numbers are unique identifiers for aggravated identity theft purposes); *United States v. Melendrez*, 389 F.3d 829, 834 (9th Cir.2004) (a real social security number identifies a specific individual, even when paired with

2

an incorrect name, for purposes of U.S.S.G. § 2B1.1(b)(9)(C) (2002)).  It is thus clear that a bank account number can by itself satisfy the  "means of identification" element of aggravated identity theft crime.

The Defendant does not argue, nor is it true, that a bank account number cannot be used to provide the basis for the aggravated identity theft predicate crime of access device fraud.  See 18 U.S.C. Section 1029(e)(1).  Note also that "means of identification" as defined in 18 U.S.C. Section 1028(d)(7)(D) specifically includes "access device (as defined in section 1029(e))..."  It is thus clear that the pertinent statutes allow for bank account numbers to be used for both the aggravated identity theft "means of identification" element and the access fraud predicate crime.

Bank account numbers have provided the basis for both aggravated identity theft and the underlying predicate offense.  See, *e.g.*, *United States v. Giannone*, 2010 WL 55583 (4th Cir., Jan.7, 2010).  In *Giannone*, the Fourth Circuit, while affirming the conviction, held that the defendant could not be enhanced in the predicate offense guidelines calculation for the unauthorized use or transfer of the account numbers since that would amount to double counting of the aggravated identity theft. *United States v. Giannone*, 2010 WL 55583 at *3.

## RECOMMENDATIONS

For the reasons stated above, this Court RECOMMENDS Defendant KATRINA BERKMAN's Motion to Dismiss Count 8 of the Second Superseding Indictment [DE 61] be DENIED.

**NOTICE OF RIGHT TO OBJECT**

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Senior United States District Judge Kenneth L. Ryskamp within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(C). Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. *See United States v. Warren*, 687 F.2d 347, 348 (11th Cir.1982), *cert. denied*, 460 U.S. 1087 (1983).

**DONE AND SUBMITTED** in Chambers this 1 day of April, 2010, at West Palm Beach in the Southern District of Florida.

*/s/ James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies:
Honorable Kenneth L. Ryskamp, Senior United States District Judge
Counsel of Record