UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-80141-Cr-RYSKAMP/HOPKINS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

KATRINA BERKMAN,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON DEFENDANT BERKMAN'S MOTION TO SEVER COUNTS 7 AND 8 [DE 68]

This cause is before the Court on an Order of Referral [DE 16]. Defendant KATRINA BERKMAN has moved to sever Counts 7 and 8 of the Second Superseding Indictment [DE 68]. The Government responded in opposition [DE 74]. The Defendant replied [DE 75].

### HISTORY OF THE CASE

On February 18, 2010, a federal grand jury returned a Second Superseding Indictment against the defendant charging bank fraud in counts 1-5, access device fraud in counts 6 and 7, and aggravated identity theft in count 8 [DE 51]. Counts 1-6 concern an alleged scheme to defraud Back 2 Back Wellness Centre, Inc.(B2B). Counts 7 and 8 concern a scheme to defraud two individuals, P.S. and J.A.S.

### ANALYSIS

The Eleventh Circuit has held that in order to determine if separate offenses were properly tried at the same time, the government must initially " demonstrate that the initial joinder of offenses was proper under Rule 8(a) of the Fed. R. Crim. P. . ." *United States v.*

*Walser*, 3 F.3d 380, 385 (11th Cir. 1993) (noting that Rule 8(a) is construed broadly in favor of initial joinder).

> Fed. R. Crim. P. 8(a) provides:
>
> (a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 mor more offenses if the offenses charged - whether felonies or misdemeanors or both - are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

"Rule 8 is broadly construed in favor of the initial joinder." *United States v. Dominguez,* 226 F. 3d 1235, 1238 (11th Cir. 2000). In order to determine if charges are properly joined, the court must examine the allegations stated in the indictment. *Id*.

In *Walser*, the Eleventh Circuit held that joinder is proper if they are of the same or similar character, "even if such offenses do not arise out of the same series of acts or transactions." *Walser*, 3 F.3d at 385 (discussing the definition of similar: "[n]early corresponding, resembling in many respects, somewhat alike, having a general likeness."). The court upheld the district court's refusal to sever a perjury and aiding and abetting count from charges of false and fraudulent statements made to a government agency, finding that the counts were similar as they all related "to the attempt or to the coverup of those attempts- to obtain by fraud federal crop relief." *Id.* The court found that the counts were all similar in that the falsehoods and the need to cover up the falsehoods led to the perjury charge. *Id.* at 386 ("In sum, the charges alleged in the indictment are sufficiently related to Walser's schemes to mislead the

2

government and obtain unwarranted crop relief.  Accordingly, the offenses charged here are similar within the meaning of rule 8(a)").

In *United States v. Dominguez*, the Eleventh Circuit held that joinder of charges alleging mortgage loan fraud were properly joined with drug related charges where the mortgage fraud was necessary to conceal the fact that the defendant's "income had been derived from drug activity."  226 F. 3d at 1239.  The court held that "the fact that one illegal activity provides the impetus for the other illegal activity is sufficient to constitute a common scheme for joinder purposes."  *Id.*   The *Dominguez* court relied upon *United States v. Kopituk*, 690 F.2d 1289 (11th Cir. 1982), a case in which the court found that charges of filing false income tax returns were properly joined with other non-tax related offenses, including racketeering, conspiracy and extortion.  *Id.* at 1314.  The court held that the tax offenses furthered the non-tax offenses, and facilitated the conspiracy's efforts to avoid detection, thus the tax offenses were properly joined with the others as they were "part of a series of acts committed in furtherance of the overall conspiracy."  *Id.* ("It is well established that substantive offenses arising out of a single conspiracy can properly be joined, since the conspiracy provides a common link connecting the offenses").

The schemes alleged in the Indictment both involve fraudulent transfers from bank accounts at about the same time.  The plan, preparation and execution were similar.  The schemes were thus "[n]early corresponding, resembling in many respects, somewhat alike, having a general likeness," and joinder was proper. *Walser* at 1238.

Once it has been determined that joinder was proper under Fed. R. Civ. P. 8(a), the Court must determine whether the defendant will be prejudiced if the counts are not severed for trial.

*United States v. Benz*, 740 F.2d 903, 911 (11th Cir. 1984). In order to determine if severance of properly joined counts is appropriate, the court must "balance the prejudice to the defendant against the interests of judicial economy." *Id.* The Eleventh Circuit has held that "the burden of demonstrating prejudice is a difficult one and the ruling of the trial judge will rarely be disturbed on review." *Id.*

> The test for assessing compelling prejudice is whether under all the circumstances of a particular case it is within the capacity of jurors to follow a court's limiting instructions and appraise the independent evidence against a defendant solely on that defendant's own acts, statements, and conduct in relation to the allegations contained in the indictment and render a fair and impartial verdict. If so, 'though the task be difficult,' there is no compelling prejudice. Moreover, if the possible prejudice may be cured by a cautionary instruction severance is not required.

*Walser*, 3 F.3d at 386-7 (internal citations omitted).

Defendant seeks to sever counts 7 and 8 from the rest of the Indictment claiming that she wishes to testify on counts 1-6, but that she has decided that it would not be in her best interests to testify concerning counts 7 and 8. She asserts that her testimony on counts 1-6 would show that she had authorization to make the transfers that are alleged to be fraudulent. She further asserts that since the victims of the scheme alleged in counts 7 and 8 are deceased and elderly, that it is not in her best interests to testify as to those counts.

Where the defendant seeks a severance of counts because she wishes to testify to some of

the charges but not others must demonstrate that she has both important testimony to give concerning counts she wishes to testify about and strong need to refrain from testifying on the other. *United States v. Benz*, 740 F.2d 903, 911 (11th Cir.1984).

"[S]everance is not mandatory simply because a defendant indicates that he wishes to testify on some counts but not on others. Rather, to establish that the joinder of charges kept him from testifying, [the defendant] must show that the charges were distinct in time, place, and evidence, that there was important evidence that he might have offered on one set of charges but could not, and that he had a strong need not to testify on the other counts. *United States v. Hersh*, 297 F.3d 1233, 1243 n.15 (11th Cir.2002)(quotations and citations omitted).

"Unfair prejudice does not result when two offenses are joined if evidence admissible to prove each offense is also admissible to prove the other offense." *United States v. Gabay*, 923 F.2d 1536, 1540 (11th Cir. 1991). If the Defendant would be subject to cross-examination about the other charges even if there were a severance, then severance is unwarranted. *Benz* at 912. Moreover, if her testimony could be used by the government in its case-in-chief or as impeachment in a subsequent trial as former testimony under Fed.R.Evid. 804(b)(1), then severance is not required. *Id.*

The Government contends, and it appears to be accurate, that if Defendant testified on the scheme in counts 1-6, that she could be cross-examined on the scheme alleged in counts 7 and 8 as proof of her motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident under F.R.E. 404(b). In addition, her testimony could be used in the subsequent trial under Fed.R.Evid. 804(b)(1). *Id.*

The instant case is unlike *United States v. Sampson*, 385 F.3d 183, 193 (2d Cir.2004),

where evidence relating to the severed counts almost certainly would not have been admitted at a separate trial.

Moreover, the Defendant has not shown that she had a strong need not to testify on the other counts. *Hersh*, 297 F.3d at 1243 n.15.

Balancing the risk of unfair prejudice against the interests of judicial economy, this Court concludes that the Defendant's Motion to Sever Charges should be denied.

## RECOMMENDATIONS

For the reasons stated above, this Court RECOMMENDS Defendant KATRINA BERKMAN's Motion to Sever Counts 7 and 8 of the Second Superseding Indictment [DE 68] be DENIED.

## NOTICE OF RIGHT TO OBJECT

Pursuant to Local Magistrate Rule 4(b), the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Senior United States District Judge Kenneth L. Ryskamp within three (3) days after being served with a copy. The Court is expediting any objections to this Report and Recommendation based on the imminent trial date and pursuant to S.D.Fla. Local Mag. J. Rule 4(a). Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. *See United States v. Warren*, 687 F.2d 347, 348 (11th Cir.1982), *cert. denied*, 460 U.S. 1087 (1983).

**DONE AND SUBMITTED** in Chambers this 4 day of April, 2010, at West Palm Beach in the Southern District of Florida.

*James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies:
Honorable Kenneth L. Ryskamp, Senior United States District Judge
Counsel of Record